# Exhibit A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

UNITED STATES OF AMERICA

Case Number: 6:17-CR-00192(3)- ADA

v.

USM Number: 76948-097

JOSH POWELL MAIER

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JOSH POWELL MAIER, was represented by Daphne L. Silverman.

The defendant pled guilty to Count 1S of the Superseding Information on June 5, 2018. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Conspiracy To Possess With Intent To Distribute Marijuana, A Schedule I Controlled Substance | 05/01/2017 | 1S |

Upon motion of the United States, the Court has dismissed any remaining Count herein as to this defendant.

As pronounced on March 7, 2019, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 11th day of March, 2019.

ALAN D ALBRIGHT
United States District Judge

DEFENDANT:      JOSH POWELL MAIER
CASE NUMBER:    6:17-CR-00192(3) -ADA

# IMPRISONMENT

     The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **Twelve (12) Months plus One (1) Day** as to Count 1S.

     The defendant shall surrender for service of sentence at the institution designated by the Federal Bureau of Prisons as notified by the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                         _____

                                               UNITED STATES MARSHAL

                                        _____

                                                  By
                                      DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      JOSH POWELL MAIER
CASE NUMBER:    6:17-CR-00192(3) -ADA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) Years.**

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able.

The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

The defendant shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

If the judgment imposes a financial penalty, the defendant shall pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT: JOSH POWELL MAIER
CASE NUMBER: 6:17-CR-00192(3) -ADA

# CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et. seq.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      JOSH POWELL MAIER
CASE NUMBER:    6:17-CR-00192(3) -ADA

[7]   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]  If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

DEFENDANT:      JOSH POWELL MAIER
CASE NUMBER:    6:17-CR-00192(3) -ADA

# CRIMINAL MONETARY PENALTIES/SCHEDULE

     The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 800 Franklin Ave, Room 380, Waco, TX 76701. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Federal Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration. Any unpaid balance at the commencement of a term of probation or supervised release shall be paid on a schedule of monthly installments to be established by the U.S. Probation office and approved by the Court.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $20,000.00 | $.00 |

## SPECIAL ASSESSMENT

     It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

## FINE

     The defendant shall pay a fine of $20,000.00.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

    If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

    The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

    Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

    Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# Exhibit B

**From:** Daphne Silverman
**Sent:** Tuesday, March 26, 2019 1:13 PM
**To:** Rebecka Whitmarsh-Wilson
**Subject:** Fwd: JOSH POWELL MAIER - W17CR192(3)

<div style="background:black;color:white;text-align:center;">

Redacted - Attorney Work Product

</div>

---------- Forwarded message ----------
From: **Agrela, Aneta (USATXW)** <Aneta.Agrela@usdoj.gov>
Date: Wednesday, March 13, 2019
Subject: JOSH POWELL MAIER - W17CR192(3)
To: "daphnesilverman@gmail.com" <daphnesilverman@gmail.com>



**U.S. Department of Justice**

**March 13, 2019**

**Financial Litigation Unit (FLU)**

**United States Attorney's Office**

**Western District of Texas**

**601 NW Loop 410, Suite 600**

**San Antonio, Texas 78216**

Your client's judgment, which includes a criminal debt, has been transferred to the Financial Litigation Unit of the U. S. Attorney's Office for enforcement.  **Please advise by return email if you will be representing the defendant on collection matters.**  For convenience, you may use the Outlook voting button.  "Yes" indicates that you are still representing the defendant.  "No" indicates that you are not.  If you do not respond within **ten (10) days**, we will assume that you still represent the Defendant and *will send all documents to you* so that you can directly provide them to your client.

Additionally, please be advised that the United States has a lien against any property or rights to property, including cash or monetary instruments, in which the Defendant has or will have any right to or interest in pursuant to 18 U.S.C. §§ 3613 and 3664.  Upon Defendant's sentencing, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding fine or restitution.  See 18 U.S.C. § 3613(c).  Given the foregoing, the United States records notice(s) of its lien in the official public records and seeks to enforce all judgments "aggressively" as mandated by Congress.  Accordingly, please consider the legal ramifications of returning any property to the Defendant given that the United States' lien has attached.

If you wish to discuss a repayment agreement or other concerns, please contact Assistant United States Attorney Erica Benites Giese at (210) 384-7255.

Thank you,

Financial Litigation Unit

U.S. Attorney's Office

--
Daphne Lynn Silverman

Silverman Law Group
Regional Vice President
National Lawyers Guild
512-485-3003
501 North IH 35
Austin, Texas 78702
website:thesilvermanlawgroup.com
blog:political-crimes.com
blog:militarydefenseattorney.wordpress.com
facebook: facebook.com/daphne.silverman.5
firm facebook: **facebook.com/SilvermanLawGroup**?ref=stream
twitter: @silverman_law

# Exhibit C

**From:** Angela Dougan
**Sent:** Wednesday, April 10, 2019 4:09 PM
**To:** Daphne Silverman
**Cc:** Rebecka Whitmarsh-Wilson
**Subject:** Re: Activity in Case 6:17-cr-00192-ADA USA v. Stapleton, et al Orderon Motion for Release of Funds

I Angela Dougan consent to pay $20,000 out of the bail funds to pay Josh Maier's fine in full.

On Wed, Apr 10, 2019 at 2:07 PM Daphne Silverman <daphnesilverman@gmail.com> wrote:
  Angela,

REDACTED - ATTORNEY-CLIENT PRIVILEGE

---------- Forwarded message ----------
From: <TXW_USDC_Notice@txwd.uscourts.gov>
Date: Wednesday, April 10, 2019
Subject: Activity in Case 6:17-cr-00192-ADA USA v. Stapleton, et al Order on Motion for Release of Funds
To: cmecf_notices@txwd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court [LIVE]**

**Western District of Texas**

## Notice of Electronic Filing

The following transaction was entered on 4/10/2019 at 3:22 PM CDT and filed on 4/10/2019
**Case Name:**          USA v. Stapleton, et al
**Case Number:**        6:17-cr-00192-ADA

**Filer:**
**Document Number:** 161

**Docket Text:**
**ORDER DENYING [160] Motion for Release of Funds as to Josh Powell Maier (3). Signed by Judge Alan D Albright. (td)**

**6:17-cr-00192-ADA-3 Notice has been electronically mailed to:**

Daphne L. Silverman &nbsp &nbsp daphnesilverman@gmail.com, rwhitmarshwilson@gmail.com

Gregory S. Gloff &nbsp &nbsp Greg.Gloff@usdoj.gov, Brenda.Wright@usdoj.gov, usatxw.ecfwa@usdoj.gov

**6:17-cr-00192-ADA-3 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1080075687 [Date=4/10/2019] [FileNumber=21066568-0] [9ac26d84a592e47bf8966e0f166412a1393b9b03abebeaca6ed3f95857d14af49a 8150bd89076d962cca8ae0274c0aed8d89d4aac46bff926315ddd4e60ea29a]]

--
Daphne Lynn Silverman
Silverman Law Group
Regional Vice President
National Lawyers Guild
512-485-3003
501 North IH 35
Austin, Texas 78702
website: thesilvermanlawgroup.com
blog: political-crimes.com
blog: militarydefenseattorney.wordpress.com
facebook: facebook.com/daphne.silverman.5
firm facebook: **facebook.com/SilvermanLawGroup**?ref=stream
twitter: @silverman_law

--

Sincerely,

 

Click Here For My Mobile App:

DISCLAIMER - "I have not verify any of the information contained in documents prepared by others.